**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christina Noriega, | No. CV-21-00472-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Christina Noriega brings this action seeking review of the final decision of the Commissioner of Social Security ("Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). (Doc. 1.) On December 15, 2022, Magistrate Judge Jacqueline M. Rateau filed a Report and Recommendation ("R&R"), recommending that this Court affirm the Commissioner's final decision. (Doc. 24.) Plaintiff filed a timely Objection. (Doc. 25.) The Commissioner did not respond to Plaintiff's Objection.

**I.    Background**

Plaintiff first applied for Supplemental Security Income ("SSI") benefits on August 6, 2015. (Doc. 18-4 at 5.) On August 21, 2017, an Administrative Law Judge ("ALJ") issued a decision denying this application. (*Id*. at 5-23.) This decision found Plaintiff not disabled, as defined by the Social Security Act, and found that Plaintiff could perform several existing jobs currently existing in the national economy. (*Id*.) The Appeals Council reviewed the 2017 decision but found no error, making the ALJ decision final. (*Id*. at 20.) Plaintiff did not appeal the 2017 decision.

On December 7, 2018, Plaintiff filed a second application for SSI. (Doc. 18-3 at 14.) Plaintiff was born on July 10, 1967, making her fifty-one years of age on this filing date and an individual closely approaching an advanced age. 20 C.F.R. § 416.963(d). (*Id*. at 24; Doc. 18-6 at 2.) Plaintiff has a high school education and has worked in the past as a landscaping laborer. (Doc. 18-3 at 37-38.)

Plaintiff's 2018 SSI Application was denied initially and upon reconsideration. (Doc. 18-4 at 64, 83.) On October 29, 2020, a hearing was held before an ALJ. (Doc. 18-3 at 32-55.) On April 1, 2021, the ALJ issued a decision finding Plaintiff not disabled. At the onset of the 2021 decision, the ALJ noted that the prior 2017 decision created a presumption of continuing non-disability that could be rebutted following a changed circumstance. (*Id*. at 15.)[1] On September 20, 2021, the Appeals Council denied Plaintiff's request for review of the ALJ decision, making that decision final. (*Id*. at 2-7.)

The April 1, 2021 ALJ decision went through the five-step evaluation process pursuant to 20 C.F.R. § 404.1520(a)(4).[2] At step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since December 7, 2018[.]" (*Id*. at 17.) At step two the ALJ found Plaintiff had the severe impairments of "bipolar disorder, affective disorder, and an anxiety related disorder[.]" (*Id*. at 18.) The ALJ further found that Plaintiff had the non-severe impairments of "substance abuse disorder in remission, history of left foot surgery, osteoarthritis of the right knee status post knee replacement in 2020, and obesity," none of which lasted longer than twelve months. (*Id*.) At step three, the ALJ found that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments[.]" (*Id*. at 19.) The ALJ further found that Plaintiff could "perform simple, routine job tasks with occasional interaction with the public, co-workers, and supervisors." (*Id*. at 21.) Specifically, the ALJ found from the vocational expert's testimony that Plaintiff could perform the jobs of

---

[1] *See Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988).

[2] *See* 20 C.F.R. § 404.1520(a)(4) ("If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step. If we cannot find that you are disabled or not disabled at a step, we go on to the next step.").

machine packager, lab equipment cleaner, and hand packager. (*Id*. at 25.) Based on the above findings, the ALJ determined that Plaintiff was not disabled under § 1614(a)(3)(A) of the Social Security Act. (*Id*. at 26.)

On November 19, 2021, Plaintiff timely filed a Complaint in the District of Arizona seeking judicial review of the April 1, 2021 ALJ decision pursuant to 42 U.S.C. § 405(g) via 42 U.S.C §1383(c)(3). (Doc. 1.)[3] After the Commissioner filed an Answer (Doc. 17), Plaintiff filed her Opening Brief (Doc. 19).

In her Opening Brief, Plaintiff argues remand of the ALJ decision is required because: (1) the ALJ relied upon a prior ALJ decision which he knew was unconstitutional, thereby depriving Plaintiff of her constitutional rights; (2) the ALJ misapplied the *Chavez* standard because there was an undeniable change in circumstances to rebut the presumption of continuing non-disability; (3) the ALJ failed to consider Plaintiff's physical impairments impacting her function for twelve months; and, (4) the ALJ and Appeals Council Judges had no legal authority to adjudicate the case because they were not properly appointed under the Appointments Clause of the Constitution. (*Id*.)

Specifically, under the first issue, Plaintiff avows that it is undisputed that prior to July 16, 2018, every ALJ in the nation was not lawfully appointed in a manner consistent with the Constitution. (*Id*. at 4.) Therefore, Plaintiff argues that remand is required because reliance on the August 21, 2017 decision was improper, unconstitutional, and denied the *de novo* review to which she was entitled. (*Id*. at 4-5.)

On August 24, 2022, the Commissioner filed a Response Brief. (Doc. 22.) The Commissioner argues in opposition to the four issues raised by Plaintiff and requests that the court affirm the ALJ decision because: (1) the ALJ who issued the 2021 decision was properly appointed at all times, the 2017 decision is not the subject of the appeal, and by failing to appeal the 2017 decision, that decision became final; (2) the ALJ's failure in concluding that Plaintiff did not rebut the presumption of continuing non-disability under

---

[3] Plaintiff's Complaint in this Court was timely in accordance with 42 U.S.C. § 405(g) because the Complaint was filed within sixty days of the Appeals Council's denial for request to review the ALJ decision. (Doc. 18-3 at 3-4).

- 3 -

*Chavez* amounted to harmless error because the ALJ did not deny Plaintiff's claim on that basis; (3) substantial evidence exists to support the ALJ's finding that Plaintiff's physical impairments were not severe; and, (4) Ms. Berryhill was validly serving as Acting Commissioner when she approved the appointments of the Social Security Administration's ("SSA") ALJs pursuant to the clear language of 5 U.S.C. § 3346(a)(2) and plethora of case law. (*Id.*)

On December 15, 2022, after Plaintiff's Reply, Magistrate Judge Jacqueline Rateau issued an R&R recommending this Court affirm the decision of the ALJ. (Doc. 24.) The R&R agreed with the Commissioner regarding the ALJ's reliance on the purportedly unconstitutional 2017 non-disability decision. (*Id.* at 5-9.) The R&R was persuaded by *Lisa W. v. Kijakazi*, No. 2:20-CV-00590, 2021 WL 6101825 (E.D. Va. Sept. 28, 2021), *report and recommendation adopted,* No. 2:20CV590, 2021 WL 5412585 (E.D. Va. Nov. 19, 2021). In that unpublished opinion from the Eastern District of Virginia, the court found no error when the ALJ based a non-disability determination in large part on a prior non-disability decision that likewise had been issued by an ALJ whose appointment was unconstitutional. *Id*. Because the plaintiff in *Lisa W.* did not appeal the prior unconstitutional decision, the findings of fact in that decision became final and binding and could not be reopened; therefore, the court concluded that the reliance on the prior ALJ decision did not taint the decision that was on appeal. *Id*. at *11. Similarly, here, the R&R reasoned that because Plaintiff did not appeal the improper 2017 decision all findings of fact in that decision became final and binding. (*Id.* at 9.) Therefore, the ALJ did not improperly rely upon the 2017 decision when issuing a non-disability determination. (*Id.*)

Further, the R&R agreed with Defendant on the three remaining issues. Specifically, the R&R found the ALJ's failure to address the changed circumstances constituted harmless error because sufficient evidence existed in the record to show that the ALJ considered Plaintiff's advanced age and that the ALJ properly assessed the medical evidence in determining Plaintiff's knee and foot conditions were not severe. (*Id.* at 9-17.) Additionally, the R&R rejected Plaintiff's Appointment Clause challenge finding that then-

Acting Commissioner Nancy Berryhill was properly serving as Commissioner pursuant to 5 U.S.C. § 3346(a)(2) when the ALJ and Appeals Council were appointed. (*Id*. at 18-23.) Therefore, the R&R recommended this Court affirm the April 1, 2021 ALJ decision. (*Id*. at 24.)

On December 29, 2022, Plaintiff filed a timely objection to the R&R. (Doc. 25.) On the first issue, the Objection argues that the R&R incorrectly based its conclusions on *Lisa W.*, which is directly contrary to Ninth Circuit Court of Appeals precedent in *Cody v. Kijakazi*, 48 F.4th 956 (9th Cir. 2022).[4] (*Id*. at 2.) The Objection also notes that *Lisa W.* relies upon *Camille B. v. Kijakazi*, No. 2:20CV262, 2021 WL 4205341, at *1 (E.D. Va. Sept. 15, 2021) which will soon be overturned in the Fourth Circuit Court of Appeals, making the *Lisa W.* holding no longer good law in the Fourth Circuit. (*Id*.) As a result, Defendant states that this Court may want to refrain from issuing its ruling until the Fourth Circuit rules in *Camille B*. (*Id*.) Defendant subsequently argues again that reliance on a prior illegal and unconstitutional ALJ decision necessitates remand. (*Id*. at 3.)

Plaintiff also objects to the R&R's finding that the ALJ's failure to consider changed circumstances constituted harmless error. (*Id*. at 4.) Plaintiff argues that the R&R assumes the ALJ would have made the exact same findings had he found changed circumstances and ignores the fact that the ALJ failed to make any *de novo* findings of Plaintiff's impairments. (*Id*.) Plaintiff questions why the SSA is litigating so tenaciously against *de novo* consideration of Plaintiff's claims, in light of the SSA policy and Acquiescence Ruling which prefers *de novo* considerations when possible. (*Id*. at 6-7.)

Lastly, Plaintiff argues this Court should remand the R&R because Plaintiff's duration of impairments lasted longer than twelve months. (*Id*. at 7.) Plaintiff argues that she clearly met the *de minimis* standard required to demonstrate that the severity of her physical impairments lasted longer than twelve months. (*Id*. at 8.) Additionally, Plaintiff states remand is required because the ALJ improperly cited to evidence outside the relevant period to support the non-disability finding. (*Id*. at 9.) Plaintiff admits that deference to the

---

[4] The Objection provides no further details of this case other than stating that "*Cody* holds the opposite of *Lisa W*[.]"

ALJ's interpretation of evidence exists, but the ALJ's consideration of evidence outside the relevant period to reach this interpretation was improper. (*Id.*)

Plaintiff did not object to the R&R's holding that Ms. Berryhill was properly serving as Acting Commissioner when the ALJ and Appeal Counsel were appointed. Defendant did not file a response to Plaintiff's objections and the time for doing so has passed. Fed. R. Civ. P. 72(b)(2).

**II.     Standard of Review**

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by a magistrate judge. 28 U.S.C. § 636(b)(1). The district judge must "make a *de novo* determination of those portions" of the magistrate judge's "report or specified proposed findings or recommendations to which objection is made." *Id.* The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

Any individual may obtain judicial review of a final decision of the Commissioner within sixty days from the mailing of the notice of final decision. 42 U.S.C. § 405(g). The Court must affirm the Commissioner's decision if the decision "is supported by substantial evidence and based on the application of correct legal standards." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (per curiam). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). It "is more than a mere scintilla but less than a preponderance." *Id.* In determining whether the Commissioner's decision is supported by substantial evidence, the Court must "weigh both the evidence that supports

1  and the evidence that detracts from the ALJ's factual conclusions." *Gutierrez v. Comm'r*
2  *of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014) (internal quotation omitted). When evidence
3  "is susceptible to more than one rational interpretation, one of which supports the ALJ's
4  decision," this Court must uphold the ALJ's conclusion. *Thomas v. Barnhart*, 278 F.3d
5  947, 954 (9th Cir. 2002). The Court may consider "only the reasons provided by the ALJ
6  in the disability determination and may not affirm the ALJ on a ground upon which [he]
7  did not rely." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (internal quotation
8  omitted).

Error in a social security determination is subject to harmless-error analysis. *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012). "[A]n error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (internal quotation omitted), *superseded by regulation on other grounds*. The Court must "look at the record as a whole to determine whether the error alters the outcome of the case." *Id.* An error that is "inconsequential to the ultimate non-disability determination" is harmless. *Id.* (internal quotation omitted).

ALJs are United States officers subject to the Appointments Clause of the Constitution. *Lucia v. S.E.C.*, 138 S. Ct. 2044, 2055 (2018). Therefore, "'one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief." *Id.* (citing *Ryder v. United States,* 515 U.S. 177, 182–183 (1995)). Additionally, issue exhaustion does not apply to Appointments Clauses challenges, meaning a claimant may timely raise these challenges for the first time during judicial review of the ALJ's decision. *Carr v. Saul*, 141 S. Ct. 1352, 1362 (2021). "[T]he appropriate remedy for an adjudication tainted with an appointments violation is a new hearing" before another ALJ. *Lucia*, 138 S. Ct. at 2055.

**III. Discussion**

There is no real dispute that the ALJ who issued the 2017 decision was not appointed

in a constitutionally permissible manner.[5] The question thus arises whether the ALJ who issued the 2021 decision properly relied on the unconstitutional 2017 decision, and whether this improper 2017 decision nonetheless became final and binding when Plaintiff failed to appeal it within the legally allowable time. *See* 42 U.S.C. § 405(g).

The R&R held that the findings of fact in the 2017 decision became final and binding while distinguishing this case from *Lucia* and *Carr*, respectively, based on Plaintiff's failure to timely appeal this decision, or, alternatively, raise an Appointments Clause challenge to the 2017 decision. (Doc. 24 at 7-8.) Instead, the R&R compared the facts and arguments of this case to that of *Lisa W.* in concluding that the 2021 decision's reliance on the binding, yet improper, 2017 decision was consistent with agency policy. (*Id.* at 9.)[6]

*Lisa W.* does provide persuasive authority supporting the R&R's recommendation to affirm the ALJ decision, even through the lens of *de novo* review. *See* 28 U.S.C. § 636(b)(1). However, Plaintiff's Objection highlights that the R&R disregarded Ninth Circuit Court of Appeals precedent in *Cody* that reaches the opposite conclusion of *Lisa W.* on the same material issue. (Doc. 25 at 1-2.) Additionally, the Objection provides notice that *Lisa W.* may soon be overturned by the Fourth Circuit Court of Appeals and recommends the Court refrain from ruling until it can be determined whether *Lisa W.* is still good law in the Fourth Circuit. (*Id.* at 2.) After a careful review of *Cody*, the Court finds delay in issuing its ruling unnecessary, as *Cody*, and not *Lisa W.*, controls this case.

In *Cody*, the Ninth Circuit addressed the issue of whether an ALJ appointed in violation of the Appointments Clause may nevertheless rehear the case on remand once properly appointed and rely upon the earlier unconstitutional decision when a claimant fails to timely challenge the pre-ratification decision. *Cody,* 48 F.4th at 958. Pursuant to *Lucia*,

---

[5] ALJs were properly appointed on July 16, 2018 when the Acting Commissioner ratified the appointments of all SSA ALJs and approved those appointments as her own. 84 Fed. Reg. 9583 (2019).

[6] *See Lisa W.* 2021 WL 6101825, at *11 ("*Lucia* does not provide this Court with any authority to reopen final decisions.... Therefore, the ALJ['s] ... reliance on the 2017 ALJ Decision does not constitutionally taint the 2020 ALJ Decision.").

the Ninth Circuit found that claimants are "entitled to relief from any 'adjudication *tainted* with an appointments violation,'" and that the failure to challenge the pre-ratification decision did not affect this analysis so long as the claimant brought a timely post-ratification challenge. *Id*. at 961 (citing *Lucia*, 138 S. Ct. at 2055). The Court ultimately held that "claimants are entitled to an *independent* decision issued by a *different* ALJ if a *timely* challenged ALJ decision is '*tainted*' by a *pre-ratification* ALJ decision." *Id*. at 963 (emphasis added).

The Ninth Circuit precedent set in *Cody* controls this matter. While *Cody* is distinguishable from the instant case because different ALJs issued the pre- and post-ratification decisions, the 2021 decision here was clearly tainted by the 2017 Appointments Clause violation pursuant to *Cody*. Additionally, under *Cody*, it is irrelevant that Plaintiff failed to timely challenge the pre-ratification 2017 decision because she made a proper, timely challenge to the 2021 post-ratification decision.[7] The ALJ relied upon the improper and unconstitutional 2017 decision in finding a continuing presumption of non-disability. While there is a possibility that this reliance amounted to harmless error and that sufficient evidence existed to allow the ALJ to make a non-disability determination independent of any prior presumption, the Court cannot, on the record before it, properly assess the ALJ's reasoning on that issue. Therefore, the Court finds the 2021 ALJ decision was tainted by the Appointments Clause violation. Pursuant to binding precedent in *Lucia* and *Cody*, Plaintiff is entitled to an independent decision issued by a different ALJ, to determine whether a non-disability finding is appropriate without relying on the 2017 decision. Accordingly, the Court will reject the R&R in part and will vacate and remand the ALJ decision with instructions to return the case to the Commissioner. The Commissioner should then assign the case to a different and properly appointed ALJ to rehear and adjudicate Plaintiff's case *de novo*. *See*, *Lucia*, 138 S. Ct. at 2055, *Cody*, 48 F.4th at 963.

---

[7] *See Cody* 48 F.4th at 962 ("Despite the [Appointments] Clause's violation, the SSA argues that no new ALJ decision is required because Cody failed to timely raise a challenge to the pre-ratification 2017 decision. But the SSA misunderstands Cody's claim. He challenges—not the now-vacated 2017 decision—but the ALJ's post-ratification 2019 decision.").

Because the Court is directing a *de novo* hearing on the first issue raised in Plaintiff's Objection, it need not address the merits of Plaintiff's claims regarding the second and third issues discussed above. *See Cody*, 48 F.4th at 963, n.1 ("Because we vacate and remand for a new hearing based on an Appointments Clause violation, we do not address Cody's challenge to the merits of the ALJ decision."). However, Plaintiff did not object to the R&R's findings on the fourth issue, and therefore the Court must find clear error to overrule the R&R on this finding. *See Johnson,* 170 F.3d at 739. The Court finds no such error. Pursuant to the spring back provision of 5 U.S.C. § 3346(a)(2) and the significant amount of persuasive authority addressing this issue, as set forth in the R&R, the Court finds that Ms. Berryhill was properly serving as Acting Commissioner when the ALJ and Appeals Council members were appointed. The Court affirms the R&R on this issue.

**IT IS ORDERED** that the Report and Recommendation (Doc. 24) is **partially accepted and partially rejected** as set forth herein.

**IT IS FURTHER ORDERED** that Plaintiff's Objection (Doc. 25) is **granted**.

**IT IS FURTHER ORDERED** that the decision of the ALJ be **vacated and remanded** with instructions to return the case to the Commissioner. The Commissioner shall assign the case to a different ALJ to rehear and adjudicate this matter *de novo*.

Dated this 23rd day of February, 2023.

Honorable Rosemary Márquez
United States District Judge